**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

BEVERLY BUCKLEY                                                                                                    PLAINTIFF

V.                                                                                            Civil Action No. 3:05-cv-564 HTW-LRA

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY                                                                                             DEFENDANT

## MEMORANDUM OPINION AND ORDER

Before this court is defendant's motion for summary judgment. Defendant Hartford Life and Accident Insurance Company ("Hartford") submits its motion under the auspices of Rule 56(b),[1] Federal Rules of Civil Procedure. The plaintiff, Beverly Buckley, worked for MCI Worldcom and was insured by Hartford under a disability policy subject to the strictures of Employment Retirement Income Security Act ("ERISA"), Title 29 U.S.C. § 1001, *et seq.*[2] In 2002, Hartford denied Buckley's claim for disability benefits. Plaintiff thereafter appealed the denial through the policy-required administrative process, and now, having unsuccessfully exhausted that appeals process, brings this suit for alleged wrongful denial of benefits. In its motion before the court, Hartford argues both that the claim is barred by a three-year statute of limitations, and, secondly, that the company's denial to plaintiff of disability benefits was within the bounds of the law.

---

[1]Fed. R. Civ. Proc. 56(b) recites as follows: "A party against whom a claim, counter-claim, or cross-claim is asserted . . . may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to any or all part thereof."

[2]ERISA applies to: any employee benefit plan if it is established or maintained (1) by any employer engaged in commerce or in any industry or activity affecting commerce; or (2) by any employee organization or organizations representing employees engaged in commerce or in any industry or activity affecting commerce; or (c) both. Title 29 U.S.C. § 1003.

**Factual and Legal Background**

In 1991, Buckley was diagnosed with chronic fatigue syndrome (CFS). Beginning in February, 1998, Buckley saw Dr. Paul Cheney for treatment of CFS and other chronic illnesses. On February 5, 2002, Dr. Cheney was still Buckley's treating physician. During this entire time, plaintiff was employed by MCI Worldcom full time with no work restrictions. Buckley continued to work full time until she was terminated in a reduction of force (ROF) action by MCI on June 28, 2002. Following her termination, Buckley filed this claim for disability benefits. On August 12, 2002, without seeing Buckley again, Dr. Cheney opined in various documents sent to Hartford that Buckley was disabled and unemployable. These documents consisted of a letter and an Attending Physician's Statement listing primary diagnoses of CFS and encephleyetha, with secondary diagnoses of hypothyroidism and insulin resistence. In the letter, Dr. Cheney stated that his diagnosis was based upon information provided by Dr. Roger Collins, a family practitioner who was Buckley's primary physician, and not upon his (Dr. Cheney's) own observations. Neither physician submitted medical records or treatment notes. Dr. Cheney dated Buckley's disability from her date of termination.

Hartford denied Buckley's disability claim, finding no medical evidence of a disabling change in her ability to work. Further, Hartford complains of the absence of any current medical assessment and the absence of any objective clinical evidence to support an impairment which would prevent employment. Hartford found Dr. Cheney's declaration of disability, made without actual examination and with findings contrary to his prior examination six months earlier, to hold little clinical significance. In sum,

Hartford found no explanation or supportive clinical data to show why Buckley, who had worked without restriction for many years after her diagnosis of CFS, was now unable to work.

Buckley appealed the initial denial to Hartford, as provided for in the policy. During the appeals process, Dr. Collins provided additional medical history in two letters sent to Hartford on September 18 and September 30, 2002: that Buckley had demonstrated a wide array of symptoms when seen back on June 18, 2002, including weakness, swollen lymph nodes, low grade fever, chills, edema, insomnia, blurred vision, thyroid failure, irritable bowel syndrome, hiatal hernia, fibromyalgia, gastroesophageal reflux disease, allergic rhinitis, chronic upper respiratory and/or sinus infections, and coagulopathy. He further noted a history of degenerative lumbar discs causing chronic lower back pain. Dr. Collins concluded that plaintiff's disability dated from June 28, 2002. Dr. Collins did not, however, provide any treatment notes, medical records, or test results in support of these findings.

Hartford's Appeal Specialist, Deborah Alsheimer, found the physicians' submissions to be subjective and insufficient to support Buckley's claims. Alsheimer noted that most of these conditions were chronic conditions of long duration and had not prevented Buckley from working prior to her termination. Further, reasoned Alsheimer, Buckley had submitted no evidence to show a change in her condition to support Buckley's alleged disability. For these reasons, the denial of benefits was upheld.

The timetable pertinent to Hartford's statute of limitations defense is as follows: Hartford initially denied Buckley's claim on September 5, 2002. The decision was

upheld through the appeals process, with final notice of the decision sent to plaintiff on December 13, 2002. Plaintiff filed her complaint on September 15, 2005.

ERISA does not provide a statute of limitations for an action to recover benefits; therefore, courts must apply the most analogous state statute of limitations. *Hogan v. Kraft Foods*, 969 F.2d 142 (5th Cir. 1992). The parties agree that a three-year statute of limitations applies, *see* Miss. Code Ann. §15-1-49, but dispute whether this limitation is tolled during plaintiff's pursuit of administrative remedies.

Hartford asserts that the statute of limitations runs from the initial denial of the claim or, alternatively, from the policy's contractual limitation period. Buckley contends that the statute of limitations dates from Hartford's final denial of her appeal, issued in December of 2002. The Fifth Circuit has held that under an ERISA claim, a plaintiff is required to exhaust all administrative remedies prior to filing suit. *Bourgeois v. Pension Plan for Employees of Santa Fe Intern. Corporations*, 215 F.3d 475, 479 (5th Cir. 2000). No one here disputes that the policy at issue is subject to ERISA.

## **ERISA**

ERISA was enacted to protect participants in employee benefit plans and their beneficiaries, by requiring disclosure and reporting of information; establishing standards of conduct, responsibility and obligation for fiduciaries of employee benefit plans; and providing remedies, sanctions and access to federal courts. *Pilot Life Insurance Company v. Dedeaux*, 481 U.S. 41, 44, 107 S.Ct. 1549, 1551, 95 L.Ed.2d 39 (1987). ERISA is comprehensive legislation, intended to regulate employee benefit plans almost exclusively. Title 29 U.S.C. § 1002(1) of ERISA defines an employee

welfare benefit plan or "welfare plan" as (1), "[a]ny plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death, unemployment or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services ... ."  To ensure uniform application, ERISA has broadly preempted state law that "may now or hereafter relate to any employee benefit plan." Title 29 U.S.C. § 1144(a).  Preemption is required and state law causes of action are barred when "(1) the state law claim addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan;  and (2) the claim directly affects the relationship between the traditional ERISA entities-the employer, the plan and its fiduciaries, and the participants and beneficiaries." *Hubbard v. Blue Cross & Blue Shield Association*, 42 F.3d 942, 945 (5th Cir. 1995).  ERISA preempts "any state law that refers to or has a connection with an ERISA plan even if that law (I) is not specifically designed to affect such plans, (ii) affects such plans only indirectly, or (iii) is consistent with ERISA's substantive requirements." *Hook v. Morrison Milling Co.*, 38 F.3d 776, 781 (5th Cir. 1994) (internal citations omitted).

### Statute of Limitation Defense

Although the Fifth Circuit has not expressly ruled whether the statute of limitations for an ERISA claim is tolled pending plaintiff's pursuit of administrative

remedies, the Fifth Circuit has held that under an ERISA claim administrative remedies must be exhausted prior to suing to obtain benefits wrongfully denied. *Bourgeois v. Pension Plan for Employees of Santa Fe Int'l Corp.*, 215 F.3d 475, 479 (5th Cir. 2000); *Radford v. Gen. Dynamics Corp.*, 151 F.3d 396, 399 (5th Cir. 1998); *Denton v. First Nat'l Bank of Waco, Tex.*, 765 F.2d 1295, 1297 (5th Cir. 1985).  This court thus finds Hartford's argument regarding the statute of limitations unpersuasive. To impose a strict three-year statute of limitations without regard to the time required for pursuit of administrative remedies could potentially bar an action before claimant is eligible to file suit.

## Summary Judgment Standard For ERISA

The summary judgment standard applied to ERISA claims is unique.  This is because this court acts in an appellate capacity reviewing the decisions of the administrator.  In *Firestone Tire & Rubber Company v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989), the United States Supreme Court discussed which of two possible standards of review, *de novo* or abuse of discretion, should apply to ERISA actions.  The *Firestone* Court stated:

> [a] denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan.... Of course, if a benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, that conflict must be weighed as a "facto[r] in determining whether there is an abuse of discretion."

*Id.*

An abuse of discretion standard applies when a claimant's policy reserves to the

6

plan administrator the discretion to determine the claimant's entitlement to benefits. *Gooden v. Provident Life & Accident Insurance Company*, 250 F.3d 329, 332-34 (5th Cir. 2001). The abuse of discretion standard also is referred to as an arbitrary and capricious standard, and the United States Court of Appeals for the Fifth Circuit has noted that there is only a "semantic, not a substantive, difference" between the arbitrary and capricious and the abuse of discretion standards in the ERISA benefits review context. *Meditrust Financial Services Corporation v. The Sterling Chemicals , Inc.*, 168 F.3d 211, 214 (5th Cir.1999). In *Gooden*, the Fifth Circuit defined "abuse of discretion" as when a claim is denied "[w]ithout some concrete evidence in the administrative record." *Gooden*, 250 F.3d at 333. In *Vega v. National Life Insurance Services, Inc.*, 188 F.3d 287 (5th Cir. 1999), a decision rendered prior to *Gooden*, the Fifth Circuit provided more detail regarding the abuse of discretion standard when it stated:

> Plainly put, we will not countenance a denial of a claim solely because an administrator suspects something may be awry. Although we owe deference to an administrator's reasoned decision, we owe no deference to the administrator's unsupported suspicions. Without some concrete evidence in the administrative record that supports the denial of the claim, we must find the administrator abused its discretion.

*Id.*, at 302.

The abuse of discretion standard must be adjusted in cases where the administrator has discretionary authority and is self-interested. The Supreme Court in *Bruch* held that a conflict of interest, i.e., a self-interested party, is a "factor" to be considered under the abuse of discretion standard. The Fifth Circuit in *Vega* articulated how courts are to measure this factor. *Vega*, 188 F.3d at 296-299. Courts are to apply a "sliding scale" standard, in which the abuse of discretion standard applies, but less

deference is granted the administrator in proportion to the administrator's apparent conflict. *Id.* at 296. "The greater the evidence of conflict on the part of the administrator, the less deferential the abuse of discretion standard will be." *Id.* at 297. The Fifth Circuit described the application of the sliding scale to the abuse of discretion standard as follows:

> We hold today that, when confronted with a denial of benefits by a conflicted administrator, the district court may not impose a duty to reasonably investigate on the administrator. Under our own precedent and the Supreme Court's ruling in Bruch, we must give deference to the administrator's decision. That the administrator decides a claim when conflicted, however, is a relevant factor. In a situation where the administrator is conflicted, we will give less deference to the administrator's decision. In such cases, we are less likely to make forgiving inferences when confronted with a record that arguably does not support the administrator's decision. Although the administrator has no duty to contemplate arguments that could be made by the claimant, we do expect the administrator's decision to be based on evidence, even if disputable, that clearly supports the basis for its denial.

*Id.* at 299.

So, a plan administrator completes two tasks in making a benefit determination: (1) determining the facts underlying the benefit claim; and (2) construing the terms of the plan. The administrator's factual determinations are reviewed for abuse of discretion. *Chacko v. Sabre, Inc.*, 473 F.3d 604, 609-10 (5th Cir. 2006). The administrator's construction of the plan's terms also is reviewed for abuse of discretion where the plan expressly confers discretion. *Id.*, 610, *Bruch*, 489 U.S. at 115, 109 S.Ct. 948.

## The Merits of the Denial

Having determined that plaintiff's suit is not time-barred, the court next considers Hartford's denial of Buckley's ERISA claim.  When evaluating this matter, the court must consider the administrative record as it existed at the time of Hartford's final denial of benefits.  *Vega v. Natl. Life Ins. Serv., Inc.*, 188 F.3d 287, 299 (5th Cir. 1999) (internal cites omitted);  *Lewis v. CNA Group Life Assurance Co.*, 414 F. Supp.2d 652, 654 (S.D. Miss. 2006).

Buckley bears the burden of demonstrating that she is entitled to benefits under the terms of the plan.  *Perdue v. Burger King Corp.*, 7 F.3d 1251, 1254 (5th Cir. 1993); *Lewis*, 414 F. Supp.2d at 654-55;  *Kirschenheuter v. Bd. of Trustees of the GSC-ILA Pension Plan & Trust*, 341 F. Supp.2d 624, 628 (S.D. Miss. 2004).

The parties agree that this court's review is under an abuse of discretion standard.  In applying this standard, the court must determine whether substantial evidence exists to show that Hartford's decision meets established principles of reasonableness.  *Ellis v. Liberty Life Assur. Co. of Boston*, 394 F.3d 262, 273 (5th Cir. 2005);  *Vega*, 188 F.3d at 298.

Hartford requested from Buckley's physician objective clinical data to substantiate Buckley's claim of disability.  This requirement was reasonable;  certainly, a physician's uncorroborated subjective assertion may be questioned where such is the sole determinant of eligibility for benefits.

Plaintiff, on the other hand, points to *Mitchell v. Eastman Kodak Co.*, 113 F.3d 433 (3d Cir. 1997);  *Sansavera v. DuPont*, 859 F.Supp. 106, 114 (S.D.N.Y. 1994);  and, *Clausen v. Standard Life Ins. Co.*, 961 F. Supp. 1446, 1456 (Col. 1997), which hold

9

that, in the absence of a definitive clinical test for CFS, a lack of objective tests substantiating the diagnosis could not be used as a basis for denial of benefits. Those cases are not pertinent to the case *sub judice*, as Hartford does not dispute the plaintiff's diagnosis. Hartford disputes that the plaintiff met her burden of showing a change in her condition which rendered her disabled.

Plaintiff next asserts that clinical symptoms listed by the physicians in their submissions to Hartford qualify as objective data sufficient to support a finding of disability. This argument, too, is unpersuasive.

The court is not called upon to evaluate whether the symptoms listed *should* have been deemed sufficient to establish disability, only whether Hartford was reasonable in concluding that they were not. *Ellis v. Liberty Life Assurance Co. of Boston*, 394 F.3d 262, 273 (5th Cir. 2004); *Gooden v. Provident Life & Accident Ins. Co.*, 250 F.3d 329, 331 (5th Cir. 2001). Hartford specifically sought evidence of a change in plaintiff's condition which moved her from a position of full time employment during which time she had to have managed any chronic illnesses, to a position of worsened health rendering her unable to work in any capacity. Buckley bore the burden of proof in advancing her claim of disability. *Id.* Many of the complaints registered, such as pain and weakness, are largely subjective and difficult to substantiate. Others, such as fever, degenerative lumbar disc, hiatial hernia, thyroid

failure, chronic infection, or coagulopathy, are readily measured by objective clinical tests which could be provided as proof of claims.  Hartford was not unreasonable in requesting objective clinical documentation of the presence or progression of those conditions which are measurable and verifiable.

The court finds that Hartford's decision falls within the bounds of reasonableness and is supported by the evidence contained within the record.  Therefore, it cannot be said that Hartford abused its discretion.  Accordingly, Hartford's motion for summary judgment is GRANTED.  This lawsuit is dismissed.  The court will enter a separate judgment.

**SO ORDERED AND ADJUDGED, this the  11th day of September, 2007.**

**s/ HENRY T. WINGATE**
**CHIEF UNITED STATES DISTRICT JUDGE**


Civil Action No. 3:05cv564 HTW-LRA
Memorandum Opinion and Order